IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

```
_____  :
PAULINE FARACCHAO,               :
                                 :
          Plaintiff,             :   Civil No. 06-1364 (RBK)
                                 :
       v.                        :   OPINION
                                 :
HARRAH'S ENTERTAINMENT, INC.,    :
et al.,                          :
                                 :
          Defendants.            :
_____  :
```

This matter comes before this Court upon its own motion pursuant to Federal Rule of Civil Procedure 12(h)(3). For the reasons set forth below, the above-captioned case shall be remanded to the Pennsylvania Court of Common Pleas for lack of subject matter jurisdiction.

I.   **Background and Analysis**

Plaintiff filed the above-captioned Complaint in the Pennsylvania Court of Common Pleas on July 12, 2005, alleging that she slipped on a spilled liquid on an escalator in Defendants' premises in Atlantic City, New Jersey, on or about July 13, 2003. As a result of the alleged fall, Plaintiff claims she suffered "severe injuries to her head, body, limbs and internal organs, more particularly . . . left knee contusion, and various other injuries and aggravation to pre-existing

1

conditions." (Pl. Compl. ¶ 13.)

Defendants removed the action to the Eastern District of
Pennsylvania on August 12, 2005. The case was then transferred to
this Court on March 20, 2006. This Court subsequently entered an
Order to Show Cause ("OSC") on May 31, 2006, finding that the
Notice of Removal invokes 28 U.S.C. § 1332 in support of federal
subject matter jurisdiction, but that Plaintiff's Complaint
demands judgment "in an amount not in excess of Fifty Thousand
Dollars ($50,000.00)," (Pl. Compl. ¶ 17), which is insufficient
to satisfy the $75,000 amount in controversy requirement of §
1332. On these grounds, the Court Ordered Defendants to show
cause on or before June 15, 2006, why the above-captioned case
should not be remanded for lack of diversity jurisdiction
pursuant to § 1446(c)(4).

Defendants responded to the Order to Show Cause on June 15,
2006, arguing that although Plaintiff demands only "an amount not
in excess of Fifty Thousand Dollars ($50,000.00)," "the factual
averments set forth in the body in the Complaint suggest a much
larger amount in controversy." (Defs. Resp. OSC at 9.) In
particular, Defendants observe that Plaintiff's Complaint alleges
"'severe injuries,' 'great pain and suffering,' 'extensive
amounts of physical therapy,' 'great financial damage and loss,'
and aver[s] that the injuries, treatment and damages may continue
'for an indefinite time.'" (Defs. Resp. OSC at 9.)

2

## II.  Analysis

For the purposes of diversity jurisdiction, the matter in controversy must exceed "the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332. "Where a case has been removed, [] the amount in controversy is generally decided from the plaintiff's complaint." Independent Mach. Co. v. International Tray Pads, 991 F. Supp. 687, 690 (D.N.J. 1998); Angus v. Shiley, Inc., 989 F.2d 142, 145 (3d Cir. 1993) (looking to complaint alone to determine amount in controversy). The plaintiff "is master of the claim," Singer v. State Farm Mut. Automobile Ins. Co., 116 F.3d 373, 376 (9th Cir. 1997), and, moreover, the plaintiff "is in the best position to know how much his claim is worth, and we deem a plaintiff's request for damages to have been made in good faith." Shaw v. Dow Brands, Inc., 994 F.2d 364, 366 (7th Cir. 1993).

Consequently, where the defendant contests plaintiff's damages claim, the burden lies on the defendant to establish with a "legal certainty" that the amount in controversy differs from that alleged by Plaintiffs.[1] Samuel-Bassett v. KIA Motors

---

[1] Although the precise meaning of "legal certainty" is not immediately apparent, it is something less than "absolute certainty," Nationwide Mut. Ins. Co. v. Brown, 387 F. Supp. 2d 497, 498 (W.D. Pa. 2005)(quoting Nelson v. Keefer, 451 F.2d 289, n. 6 (3d Cir. 1971)), and "more stringent" than a preponderance of the evidence. Hayfield v. Home Depot U.S.A., Inc., 168 F. Supp. 2d 436 n.12 (E.D. Pa. 2001) (noting that the preponderance of the evidence standard is "more lenient and easily understood" than the "legal certainty" test) (citing Johnson v. Costco

America, Inc., 357 F.3d 392, 398 (3d Cir. 2004); see also Burns
v. Windsor Ins. Co., 31 F.3d 1092 (11th Cir. 1994) (noting that
where the plaintiff requested an amount less than the
jurisdictional prerequisite, "the defendant has the heavy burden
of showing to a legal certainty that the claim in fact exceeds
[$75,000] in order to establish diversity jurisdiction"); Wilbur
v. H & R Block, Inc., 170 F. Supp. 2d 480 (M.D. Pa. 2000).
Finally, since "lack of jurisdiction would make . . .
continuation of the litigation in federal court futile, the
removal statute should be strictly construed and all doubts
should be resolved in favor of remand." Abels v. State Farm Fire
& Cas. Co., 770 F.2d 26, 29 (3d Cir. 1985); Samuel-Bassett v. KIA
Motors Am., Inc., 357 F.3d 392, 396 (3d Cir. 2004).

At least in principle, a plaintiff may preclude federal
jurisdiction by limiting the damages claim to less than the
jurisdictional amount. St. Paul Mercury Indemnity Co. v. Red Cab
Co., 303 U.S. 283, 294 (1938) ("If [plaintiff] does not desire to
try his case in the federal court he may resort to the expedient
of suing for less than the jurisdictional amount, and though he
would be justly entitled to more, the defendant cannot remove.");
see also Clark v. Pfizer Inc., 2004 WL 1970138, *2-3 (E.D. Pa.
2004) (quoting same); Corwin Jeep Sales & Serv., Inc. v. Am.

---

Wholesale, 1999 WL 740690 (E.D. Pa. 1999) (referring to the legal
certainty test as "more exacting" than other standards).

4

Motors Sales Corp., 670 F. Supp. 591, 596 (M.D. Pa. 1986) ("As the plaintiff is considered to be 'the master of his or her claim,' he may insulate a case from removal by waiving a portion of his damages and asking for less than the jurisdictional amount.").

Nevertheless, remand is not a foregone conclusion in every instance where the complaint demands less than the requisite amount in controversy. Angus v. Shiley, 989 F.2d 142, 146 (3d Cir. 1993); Corwin Jeep Sales & Service, Inc., 670 F. Supp. at 596 (holding "a plaintiff may not defeat removal simply by . . . seeking less than the requisite amount in controversy when the court is informed that the value of the interest to be protected exceeds that amount"). In such circumstances, the relevant inquiry is "whether under state law the plaintiff is limited to the damages claimed." Id. at 146 n.4. Where the state court's procedural rules do not limit the plaintiff "to the amount of damages pled in the ad damnum clause of his complaint," a pleading requesting damages "'not in excess of $75,000' would not, in itself, necessitate remand." Clark, 2004 WL 1970138, *3 (citing Feldman v. N.Y. Life Ins. Co., 1998 WL 94800, at *6 (E.D. Pa. 1998)); Chaparro v. State Farm Ins. Co., 1999 WL 961035, at *2 (E.D. Pa. 1999). On the other hand, where the plaintiff has stipulated or orally represented to the Court that he would limit himself to a maximum recovery of $75,000, remand is clearly

appropriate. <u>Clark</u>, 2004 WL 1970138, *3.

In both New Jersey and Pennsylvania, the "statement of damages is for informational purposes and is non-binding." <u>Lang v. Baker</u>, 101 N.J. 147, 156 (1985); <u>see also</u> <u>Clark</u>, 2004 WL 1970138, *3 (citing <u>Feldman v. N.Y. Life Ins. Co.</u>, 1998 WL 94800, at *6). Nevertheless, the amount alleged "may serve as a guide for immediately determining whether there is a sufficient amount in controversy to support jurisdiction in the federal courts." <u>Id.</u> Because Plaintiff is technically not bound by the amount alleged and may ultimately recover a sum greater than $50,000, the question becomes whether Defendants have satisfied the burden of establishing, within a "legal certainty," that Plaintiff would indeed be entitled to an amount in excess of $75,000.

In this instance, Defendants have failed to demonstrate that Plaintiff's recovery, should she prevail, would be legally certain to exceed $75,000. Defendants' sole support for their argument to the contrary is the language of the Complaint, alleging "severe injuries" and other ambiguous, rote phrasing common to Complaints. Defendants have offered nothing else to indicate Plaintiff's possible, likely, or legally certain entitlement to a judgment exceeding the amount Plaintiff alleged. There is no basis, aside from abstract speculation, to conclude that Plaintiff could recover a sum in excess of $75,000, and this Court certainly cannot so find within a legal certainty.

Accordingly, this Court may not exercise subject matter jurisdiction over the above-captioned case.

Situations such as this, where the state court of origin is outside the bounds of the remanding district, present a unique procedural quandary. Jeffrey B. Wall, Comment, Cross-Jurisdictional Remands, 70 U. CHI. L. REV. 689 (2003). On the one hand, the district court is clearly devoid of authority to remand a suit to a state court other than that in which it originated. Allied Signal Recovery Trust v. Allied Signal, Inc., 298 F.3d 263, 270 (3d Cir. 2002) ("Remand means 'send back.' It does not mean 'send elsewhere.'"). Consequently, in this instance, remand to New Jersey state court would be inappropriate, since "the only remand contemplated by the removal statute is a remand 'to the State court from which it was removed.'" Id. (quoting Bloom v. Barry, 755 F.2d 356, 358 (3d Cir. 1985)).

On the other hand, the district court's authority to remand to a state court in a state outside its jurisdiction is not immediately evident. Nevertheless, the Third Circuit has concluded that because "[t]he transferee court's powers are coextensive with those of the transferor court[,] it may issue any order or render any judgment that could have been made in the transferor court had the transfer never taken place." Id. (quoting Chrysler Credit Corp. v. Country Chrysler, Inc., 928 F.2d 1509, 1516 (10th Cir. 1991)); Bloom, 755 F.2d at 358. Thus,

7

remand to the Pennsylvania Court of Common Pleas is appropriate. See id., (concluding that District Court in District of Delaware would be "within its authority" to remand case to Florida state court); Abels v. State Farm Fire & Casualty Co., 770 F.2d 26, 34 (3d Cir. 1985) (instructing court in Western District of Pennsylvania to remand case to California state court). Accordingly, the above-captioned case shall be remanded to the Pennsylvania Court of Common Pleas for lack of diversity jurisdiction pursuant to 28 U.S.C. 1446(c)(4).


Dated: July 27, 2006        s/Robert B. Kugler
                            ROBERT B. KUGLER
                            United States District Judge

8